## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00867-CDP |
| | ) | |
| CEO FRONTIER AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on self-represented plaintiff Sidney Keys' application to proceed in the district court without prepaying fees or costs. Based on plaintiff's financial information, the Court will grant the application and waive the filing fee. Also, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In his complaint, plaintiff states that on July 4, 2023, he was scheduled to fly on Frontier Airlines to Las Vegas. He had bought two plane tickets totaling $528.66. When he arrived at the airport, a Frontier Airlines employee told him that the flight had been overbooked by thirteen seats. Plaintiff was unable to get a seat on the flight and he states that he missed an important doctor's appointment he had the next day.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted

case omitted). The statute conferring diversity jurisdiction in federal court is to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Here, plaintiff has not completed the portion of the complaint regarding Frontier Airlines' citizenship. He states that Frontier is incorporated in Colorado, but he does not allege where it has its principal place of business. Plaintiff must include allegations of the company's principal place of business to establish diversity jurisdiction.  *See id.*; 28 U.S.C. § 1332.

Furthermore, plaintiff has not alleged damages in excess of $75,000. His plane tickets cost $528.66, and he has alleged no other damage arising out of his overbooked flight. Although he states he missed an important doctor's appointment, he does not state any damages arising out of

the missed appointment. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement of $75,000.

Plaintiff's complaint is procedurally defective because it does not allege the citizenship of defendant Frontier Airlines. Additionally, plaintiff has not alleged damages that would meet the jurisdictionally required amount in controversy of $75,000. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must show cause in writing no later than **October 19, 2023**, why this action should not be dismissed for lack of federal jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 20th day of September, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE